BOUTALL, Judge.
This is an appeal from a judgment denying a contractor recovery under a building contract.
Rudy Brown Builders, Inc., sued William A. Houghton and Air Flo Systems, Inc. to recover the amount due under two building contracts. At the trial it was stipulated that one building contract was for Hough-ton individually, and he owed a certain balance due. On the other contract it was stipulated that the price was $46,000 and the sole question to be litigated was whether Houghton individually, or Air Flo Systems, Inc., was responsible for that amount. The trial judge decided in favor of Hough-ton and we affirm.
The basic issue on this appeal is a matter of credibility of the witnesses. The only evidence in support of plaintiff’s case is the testimony of Rudy Brown who testified that, although suit was entered upon a written contract, he could not say for certain there was a written contract in existence, because his entire file concerning this matter had disappeared. He testified that all of his transactions were with Houghton himself, and that the agreement to build a building was made with Houghton individually as owner of the ground and not with Air Flo Systems, Inc., of which Houghton was President. He believed that the building was to be leased by Houghton to some other party, perhaps the Coca-Cola Bottling Company or some other bottlers, but that the building was never occupied by anyone to his knowledge.
In opposition to this Houghton testified that he entered into the contract solely as President of Air Flo Systems, Inc., and that he had nothing to do with the construction of that building individually. He denies ever telling Rudy Brown that the building was to be built for his personal account, and says that the building was to be solely occupied and used by Air Flo Systems for its own purposes. In support of his testimony he produced a copy of a document on letterhead of Rudy Brown Builder, dated July 22,1975, addressed to Air Flo Systems, Inc. Attn. Mr. Houghton, stating the price to furnish a particular metal building and itemizing the main specifications. In further support he introduced a number of other documents, all tending to show that plaintiff must have been aware at that time that he was dealing with the corporation and not Houghton individually. We especially refer to the document upon which the first building was to be constructed, similarly upon the same letter-head dated July 7,1975 but addressed to William A. Hough-ton setting out the price and specifications for the first building.
Although the trial judge did not render any written reasons, it impresses us, and it must have impressed him that the written *923 evidence does indeed show that the building in question was built for the account of Air Flo Systems, Inc. and not William A. Houghton, individually. With this evidence supporting Houghton’s testimony, there is ample basis for the trial judge’s conclusion that the suit against Houghton should be dismissed. We find no error.
The judgment is affirmed.
AFFIRMED.